UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. BEN BANE,

Plaintiff,

v. Case No. 8:06-cv-40-T-24 MAP

BREATHE EASY PULMONARY
SERVICES, INC., ET AL.,

Defendants.
_______________________________/

**ORDER**

This cause comes before the Court on several motions: (1) Defendants' motions to dismiss (Doc. No. 38, 39), the Magistrate Judge's Report and Recommendation (Doc. No. 65), the objections (Doc. No. 77, 81), and the response thereto (Doc. No. 84); (2) Plaintiff's motion to amend the complaint (Doc. No. 68), which Defendants oppose (Doc. No. 80); (3) Defendant Lincare Holdings Inc. and Lincare Inc.'s (collectively referred to as "Lincare") Objection to the Magistrate Judge's Order Denying Defendants' Motion to Disqualify Plaintiff's Counsel (Doc. No. 79), which Plaintiff opposes (Doc. No. 85); and (4) Plaintiff's Unopposed Motion to Postpone Mediation Deadline (Doc. No. 83). Accordingly, the Court will address each motion.

**I. Background**

Plaintiff filed this qui tam action against Defendants on January 1, 2006. Plaintiff has amended his complaint twice. (Doc. No. 11, 35). In the current version of the complaint, Plaintiff asserts two claims against Defendants: (1) Count I - Violation of the False Claims Act ("FCA") based on claims for medically unnecessary and redundant services; and (2) Count II - Violation of the FCA based on violations of the Anti-Kickback Act. Currently pending before

the Court are Defendants' motions to dismiss and Plaintiff's motion to amend his complaint for the third time.

**II. Motions to Dismiss**

Defendants move to dismiss Plaintiff's claims for failure to state a claim. These motions were considered by Magistrate Judge Pizzo, pursuant to a specific order of referral. (Doc. No. 40). Magistrate Judge Pizzo has filed his report recommending that the motions be denied. (Doc. No. 65). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Objections were filed by Defendants. Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted as to Count I only.

With regards to Count II, Plaintiff alleges that Defendants violated the Anti-Kickback Act when Lincare referred patients to Breathe Easy Pulmonary Services, Inc. and Premier Cardio Pulmonary Medical, Inc. (collectively referred to as "Breathe Easy") for oximetry testing and obtained referral forms from the patients' physicians that allowed the oximetry testing, along with other unintentionally authorized tests, to be performed. Defendants argue that this claim should be dismissed, because Plaintiff has failed to allege that Lincare solicited or received, or that Breathe Easy offered or provided, remuneration for the referrals. This Court agrees with Defendants that such allegations are lacking.

The Court notes that Plaintiff attempts to overcome this defect by moving to amend his complaint so that he can add, among other things, allegations that Breathe Easy would not have agreed to perform only an oximetry test without Lincare's participation in the scheme and that

Lincare benefitted by getting the oximetry tests done quickly (which allowed Lincare to start billing Medicare for oxygen). The Court is not persuaded by this argument. Accordingly, the Court finds that Count II should be dismissed for failure to state a claim.

**III. Motion to Amend**

On December 6, 2007, after this case had been pending for almost two years and the Magistrate Judge issued his Report and Recommendation, Plaintiff sought leave to amend his complaint for the third time. Plaintiff sought leave to amend in order to add another, better example of the submission of a false claim and to fix the deficiencies in Count II.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Upon consideration, the Court finds that leave to amend should not be granted.

With regards to Count I, leave to amend is unnecessary, as the Court has denied Defendants' motions to dismiss that count, and the new allegations merely bolster his existing claim. With regards to Count II, which this Court has found to be deficient, the Court finds that there has been undue delay in Plaintiff seeking amendment of this claim. Specifically, Plaintiff has not explained why it has taken him almost two years to add the allegations regarding the alleged benefit Lincare received in return for the referrals. Plaintiff was granted leave to amend on two prior occasions, and this Court cannot indulge Plaintiff endlessly in his quest to properly

allege his claims. Accordingly, the motion to amend is denied.

**IV. Objections to the Magistrate Judge's Order Denying Disqualification**

Defendants moved to disqualify Plaintiff's counsel, and the Magistrate Judge denied the motion. (Doc. No. 63). In response, Defendants filed the instant objection to the Magistrate Judge's order.

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been committed. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).

Upon review of the motion to disqualify, the Magistrate Judge's order denying the motion, and Defendants' objection thereto, this Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law. As such, the Court overrules Defendants' objection to the order.

**V. Mediation**

Plaintiff moves to extend the mediation deadline, which is currently set for February 15, 2008. Plaintiff makes this request because he contends that discovery has not begun in this case. However, the discovery deadline has already passed in this case, and the parties had not previously moved to stay it. As such, there is no reason for this Court to extend the mediation deadline. Therefore, the motion is denied, and the parties are directed to mediate by February 15, 2008. Plaintiff is directed to file a notice informing the Court of the mediator the parties have selected and the date of the mediation by February 8, 2008. Failure to file the notice will

result in the Court selecting a mediator and scheduling the mediation for the parties without the parties' input.

## VI. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 65) is **ADOPTED** and incorporated by reference into this Order to the extent that he recommends denying the motions to dismiss as to Count I. The Court declines to adopt the Report and Recommendation to the extent that the Magistrate Judge recommends denying the motions to dismiss as to Count II.

(2) Defendants' motions to dismiss (Doc. No. 38, 39) are **GRANTED IN PART AND DENIED IN PART**: The motions are **GRANTED** as to Count II and **DENIED** as to Count I.

(3) Plaintiff's motion to amend the complaint (Doc. No. 68) is **DENIED**.

(4) Lincare's Objection to the Magistrate Judge's Order Denying Defendants' Motion to Disqualify Plaintiff's Counsel (Doc. No. 79) is **OVERRULED**.

(5) Plaintiff's Unopposed Motion to Postpone Mediation Deadline (Doc. No. 83) is **DENIED**. Plaintiff is directed to file a notice informing the Court of the mediator the parties have selected and the date of the mediation by February 8, 2008.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of February, 2008.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record