UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE,

          Plaintiff,

v.                                        Case no. 8:06-CV-40-T-24MAP

BREATHE EASY PULMONARY
SERVICES, INC. *et al.*,

          Defendants.
_____/

## ORDER

      Before the Court is Defendant Lincare Inc.'s Motion to Compel Compliance with Subpoena Directed to Non-party Bruce J. Sperry, P.A. (doc. 132) and response thereto (doc. 137), Third Party Amy Brydebell's Objection to Subpoena for Documents and Motion for Protective Order (doc. 142) and Lincare's response thereto (doc. 144), and Defendant Lincare's Motion to Compel Compliance with Subpoena Directed to Non-Party Amy Brydebell (doc. 151).  By its motion to compel compliance with subpoena directed to Sperry (doc. 132), Lincare seeks to compel Sperry to comply with its non-party subpoena requiring him to produce his law firm's file related to a previous lawsuit, *Bane Medical Services v. Amy Brydebell,* case no. 04-CA-7139 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida.  In the previous unrelated action, Sperry represented BMS who sought entry of a permanent injunction against its former employee Brydebell for allegedly violating a non-compete agreement she entered into with BMS.  Sperry objects to production of his file, claiming that production would violate the parties' settlement agreement and circumvent the previous Court's order prohibiting publication, and that some documents are protected by work product or attorney-client privilege.  The previous action

culminated in entry of an order granting an agreed permanent injunction prohibiting Brydebell from soliciting or counseling any of BMS's patient referrals within Pinellas County and dismissal with prejudice. *See* doc. 144, exhibit C.

After hearing argument from counsel and reviewing a copy of the settlement agreement from the previous action, I find that Lincare stepped into the shoes of BMS by purchasing BMS, and that Lincare, as BMS's successor, is entitled to review the documents in Sperry's file. Similarly, with regard to its motion to compel compliance with subpoena directed to Brydebell (doc. 151), Lincare seeks to compel Brydebell to produce her file related to *Bane Medical Services v. Amy Brydebell* and to appear for deposition testimony. Brydebell objects to production and to appearing for her deposition, claiming her compliance with the deposition could subject her to potential liability for violating the settlement agreement she entered into with BMS and the prior court's injunction order. As a result, she failed to appear at the June 30, 2008, deposition.

Lincare asserts that it has examined an excerpt from Brydebell's deposition and claims it reveals that Bane, the Relator in this action, was not the original source of information forming the basis of this *qui tam* action. Based on the Brydebell deposition excerpt, Lincare argues that production of Brydebell's file from the previous litigation including her entire deposition transcript and her testimony are relevant to this litigation, especially to its defense that dismissal is warranted because Bane was not the original source of the information and the instant case is thus barred under the False Claims Act.[1] Against this backdrop, I find that taking deposition testimony from Brydebell

---

[1] The False Claims Act does not allow jurisdiction over *qui tam* actions that are based on publicly disclosed information unless brought by the Attorney General or a person who is an original source of the information. *See* 31 U.S.C. § 3730(e)(4). The Eleventh Circuit applies a three-part inquiry to determine whether subject matter jurisdiction over a *qui tam* FCA claim
(continued...)

falls within the scope of discovery authorized by Fed.R.Civ.P. 26(b)(1).  However, after considering the issues and defenses in this action,  I find that production of Brydebell's file from the previous action is not within the confines of Rule 26(b)(1).  The prior litigation concerned an employment dispute centered around Byrdebell's solicitation of BMS clients in contravention of a non-compete agreement, issues entirely unrelated to this *qui tam* action.  Although I find that Lincare has shown that  Brydebell's deposition testimony from the previous litigation is relevant, because Sperry will be producing a copy of this deposition to Lincare it is unnecessary that Brydebell produce a copy too.    Accordingly, it is hereby

ORDERED:

1. Defendant Lincare Inc.'s Motion to Compel Compliance with Subpoena Directed to Non-party Bruce J. Sperry, P.A. (doc. 132) is GRANTED.  Sperry is directed to produce to counsel for Lincare a copy of his file from *Bane Medical Services v. Amy Brydebell*, case no. 04-CA-7139 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida, or to make his file available for inspection by the Lincare Defendants at a mutually convenient time and place on or before July 30, 2008.  Because Sperry indicated he does not have a copy of Bane's deposition from the previous action in his file, the Court finds that Lincare as successor in interest

---

[1](...continued)
exists: 1) have the allegations made by the plaintiff been publicly disclosed; 2) if so, is the disclosed information the basis of the plaintiff's suit; and 3) if yes, is plaintiff an 'original source' of that information.  *Battle v. Board of Regents*, 468 F.3d 755, 762 (11th Cir. 2006).  *See McElmurray v. Consolidated Gov't of Augusta- Richmond County*, 501 F.3d 1244 (11th Cir. 2007) (finding Relator who based  *qui tam* action on documents disclosed during discovery in previous lawsuit was not the original source of the information and dismissing action); *U.S. ex rel. Brickman v. Business Loan Express, LLC*, 2007 WL 4553474 (N.D. Ga. 2007) (dismissing *qui tam* action where Relator based action on publicly disclosed information including deposition testimony from prior lawsuit and was not the "original source" of the information).

to BMS may order a transcript of Bane's deposition from the court reporter. Neither the settlement agreement nor the prior court's order bars Lincare, as BMS's successor, from ordering a copy of Bane's deposition transcript. Lincare is directed to pay Sperry for the expense of copying the file or selected portions of the file.

2. Third Party Amy Brydebell's Objection to Subpoena for Documents and Motion for Protective Order (doc. 142) is GRANTED to the extent outlined in this order concerning the production of documents. In all other respects, it is DENIED.

3. Defendant Lincare's Motion to Compel Compliance with Subpoena Directed to Non-Party Amy Brydebell (doc. 151) is GRANTED to the extent that Brydebell is directed to appear for and to provide testimony pursuant to the subpoena at a mutually agreeable date on or before August 15, 2008.

DONE AND ORDERED in chambers at Tampa, Florida this 16th day of July, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE