UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel*. BEN BANE,

              Plaintiff,

v.                                 Case no. 8:06-CV-40-T-24MAP

BREATHE EASY PULMONARY
SERVICES, INC. *et al.*,

              Defendants.
_____/

## **ORDER**

Before the Court is Defendant Lincare, Inc.'s Renewed Motion for a Protective Order (doc. 139) and Relator's response thereto (doc. 147), as well as Relator's motion to compel production of documents from Lincare (doc. 154). By its motion, Lincare seeks entry of a protective order prohibiting further discovery in the instant matter, or alternatively limiting the scope of discovery to the factual allegations against Lincare in the Relator's second amended complaint. The Relator's motion seeks to compel Lincare to respond to his requests for production.

With respect to Lincare's motion, as Lincare asserts, discovery in *qui tam* actions must be limited and tailored to the specificity of the complaint. *See generally U.S. ex rel. Grandeau v. Cancer Treatment Centers of America*, 2003 WL 21504998 (N.D. Ill. 2003) (discovery should be tailored to the specificity of Relator's claims); *U.S. ex rel. Stewart v. Louisiana Clinic,* 2003 WL 21283944 (E.D. La. 2003) (court would "remain guided through discovery by the principles behind Rule 9(b)" and limited discovery to the patients enumerated in and time period of complaint). On this basis, Lincare seeks to limit discovery in three ways: 1) temporally to the allegations in the

second amended complaint ranging from 2000 through the filing of this action on January 6, 2006,[1]

2) to the four specific physicians identified in the second amended complaint; and 3) to the five

specific Lincare centers named in the second amended complaint.  Lincare has already produced to

Relator responsive documents that fall within these parameters, and claims that requiring additional

production outside of these parameters violates rule 9(b) and would be unduly burdensome.  As the

*Stewart* court noted, the right of action granted to private citizens to bring *qui tam* actions on behalf

of the United States is quite limited. [2]   As such, I find that Defendant Lincare, Inc.'s Renewed

Motion for a Protective Order (doc. 139) should be granted and discovery is limited temporally to

the allegations in the second amended complaint ranging from 2000 through the filing of this action

on January 6, 2006, and in scope to the four specific physicians and five specific Lincare centers

identified in the second amended complaint.

   In addition to the above issues, the Relator's motion to compel also concerns its second

request for production and seeks entry of an order compelling Lincare to produce Life Care

---

[1]  The Relator opposes the temporal limitation, arguing that substantial discovery concerning an incident involving James Stearns in September 2007 has already occurred. However, the district judge denied the Relator's motion to file a third amended complaint on February 5, 2008, indicating that "this Court cannot indulge Plaintiff endlessly in his quest to properly allege his claims."  The proposed third amended complaint contained an exhibit concerning Mr. Stearns, a Breathe Easy O2 assessment referral form dated September 11, 2007. *See* doc. 86, exhibit 7.

[2]  The Relator argues that *Stewart*'s discovery limitations are inapplicable here since his conspiracy claims, unlike Stewart's, survived Defendants' motion to dismiss.  The second amended complaint alleges the Defendants "schemed" to defraud the government by submitting and causing to submit fraudulent claims.  Count one alleges in part that Defendants conspired to defraud the government by getting false or fraudulent claims for medically unnecessary and redundant services performed in conjunction with pulse oximetry testing.  Count two (False Claims Act Anti-Kickback Statute) was dismissed.  *See* order (doc. 86).  Although this distinction is important, I must still be guided by Rule 9(b)'s parameters and discovery should still be limited to the constraints of the Relator's allegations.

2

Respiratory Diagnostic Evaluation Request forms sent to Life Care in 2000-2007 and completed Life Care Respiratory Diagnostic Evaluation result forms received from Life Care for the years 2000-2007.  Life Care Diagnostics is not a defendant in this action, and I find production would be unduly burdensome in light of Rules 9(b) and 26.

Accordingly, it is hereby

ORDERED:

1.  Defendant Lincare, Inc.'s Renewed Motion for a Protective Order (doc. 139) is GRANTED.

2.  Relator's motion to compel production of documents from Defendant Lincare (doc. 154) is DENIED.

DONE AND ORDERED in chambers at Tampa, Florida this 27th day of August, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE