UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE,

           Plaintiff,

v.                                         Case no. 8:06-CV-40-T-24MAP

BREATHE EASY PULMONARY
SERVICES, INC. *et al.*,

           Defendants.
_____/

## **ORDER**

      Before the Court is Breathe Easy Pulmonary Services, Inc.'s and Premier Cardio Pulmonary Medical, Inc.'s Emergency Motion for Protective Order (doc. 145) and Relator's Motion to Compel Production of Documents from Defendant Breathe Easy (doc. 150), Breathe Easy Pulmonary Services, Inc.'s and Premier Cardio Pulmonary Medical, Inc.'s Emergency Motion for Protective Order regarding production requests by Lincare, Inc. (Lincare) (doc. 152), and Defendant Lincare's response (doc. 155). By their motions (docs. 145 and 152), the Breathe Easy Defendants seek entry of protective orders relieving them from any further compliance with certain aspects of Relator's and Lincare's production requests. The Relator seeks Breathe Easy Assessment referral forms received from Lincare and BMS for the years 2000-2007, all completed Breathe Easy Respiratory Clinical Evaluation forms sent to Lincare and BMS for the years 2000-2007, all claims to Medicare for respiratory clinical evaluations for the years 2000-2007 and supporting documents, and all claims to Medicare for 99244 office consultations by nurse practitioners or ARNPs for the years 2000-2007 and supporting documentation. Essentially, the Breathe Easy Defendants have provided the

requested forms for the years 2003-2005, indicate the forms are "not available" for the years 2000-2002, and object to producing the forms for the years 2006-2007, claiming that the relevant period for discovery is up through the filing date of this action, January 6, 2006.  The Breathe Easy Defendants assert they have already spent 400 hours reviewing 5,000- 6,000 patient charts  and produced 317 patient charts, and seek entry of a protective order relieving them from any further compliance with the production requests.[1]  The Breathe Easy Defendants estimate that there are another 50,000 to 60,000 patient charts, and review of these charts to search for the requested documents would entail in excess of an additional 400 hours.

As I indicated in my order granting Defendant Lincare's motion for renewed protective order,  discovery in *qui tam* actions must be limited and tailored to the specificity of the complaint. *See generally U.S. ex rel. Grandeau v. Cancer Treatment Centers of America*, 2003 WL 21504998 *N.D. Ill. 2003) (discovery should be tailored to the specificity of Relator's claims); *U.S. ex rel. Stewart v. Louisiana Clinic,* 2003 WL 21283944 (court would "remain guided through discovery by the principles behind Rule 9(b)" and limited discovery to the patients enumerated in and time period of complaint).  As Lincare argues, the Breathe Easy Defendants assert that further compliance with the Relator's request for production would be unduly burdensome and that the temporal limitations in the second amended complaint should apply in creating parameters for discovery. *See*

---

[1] The Affidavit of Kimberly Johns, president and CEO of Breathe Easy, alleges that she, her husband, friends, and temporary workers spent at least 400 hours on weekends and nights searching for patient charts that would contain responsive docuements.  Johns alleges that the time she has spent to date searching for documents has taken her away from the day to day operation of her small business causing the business to suffer financially.   She alleges that compliance with the outstanding discovery requests would be overly burdensome to her business and to her family, and she fears her business and her health will fail if she is required to continue searching for the requested documents.  *See* doc. 153.

Affidavit of Kimberly A. Johns, doc. 146. Similarly, with regard to Lincare's discovery requests, the Breathe Easy Defendants assert that further compliance with the outstanding requests for production would be unduly burdensome, and seek entry of an order releasing them from any further obligation to search for or to produce more patient charts or exemplars to Lincare. Accordingly, it is hereby

ORDERED:

1. Breathe Easy Pulmonary Services, Inc.'s and Premier Cardio Pulmonary Medical, Inc.'s Emergency Motion for Protective Order (doc. 145) is GRANTED. Breathe Easy Defendants need not produce any further documents in response to requests for production one through four, as I find their objections well-taken.[2]

2. The Relator's Motion to Compel Production of Documents from Defendant Breathe Easy (doc. 150) is DENIED.

3. Breathe Easy Pulmonary Services, Inc.'s and Premier Cardio Pulmonary Medical, Inc.'s Emergency Motion for Protective Order regarding production requests by Lincare, Inc. (Lincare) (doc. 152) is GRANTED.

DONE AND ORDERED in chambers at Tampa, Florida this 27th day of August, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2] The Relator's motion to compel concerns only its requests one and two, however Breathe Easy seeks entry of a protective order with regard to requests one through four. Even though the Relator is not seeking to compel further production in response to requests three and four, I have reviewed Breathe Easy's objections to these requests and sustain them.