UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE

    Plaintiff,

v.                                    Case No.   8:06-cv-40-T-33MAP

BREATHE EASY PULMONARY
SERVICES, INC., et al,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 182), filed on August 27, 2008, recommending that Defendants Lincare Holdings Inc. and Lincare Inc.'s ("Lincare Defendants") motion to dismiss Relator's second amended complaint for lack of subject matter jurisdiction (Doc. # 174) be denied.  The Lincare Defendants have filed objections to the Report and Recommendation (Doc # 191), and Relator has filed a response (Doc. # 193).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1);   Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied,

459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

In their motion to dismiss, the Lincare Defendants assert that the Court lacks subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4)(A) because Relator's claims under the False Claims Act are based upon publicly disclosed information and he is not the original source of the allegations raised in the second amended complaint.[1] (Doc. # 174 at 2). Following a thorough analysis, the magistrate judge determined that none of the items identified by the Lincare Defendants as support

---

[1] Section 3730(e)(4) provides that "No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4).

for their claims "qualify as a 'public disclosure'" for purposes of the public disclosure bar of the False Claims Act, even under the Eleventh Circuit's broad construction of § 3730(e)(4).  (Doc. # 182 at 6-7).

After conducting an independent review of the file, including the deposition transcripts of Ms. Brydebell, other litigation documents from the 2004 Brydebell case, the HME News article, and new deposition testimony submitted as attachments to the Lincare Defendants' objections, the Court overrules the objections because it finds that none of these items, viewed individually or together, constitute a "public disclosure of allegations or transactions" that Defendants engaged in a scheme to defraud Medicare.  In addition, the Court rejects the Lincare Defendants' assertion that the Magistrate Judge erred in failing to analyze whether Relator was an "original source" of the information, because "[t]he 'original source' inquiry only becomes necessary once a court makes a factual determination that the particular *qui tam* suit before it was based upon information that was publicly disclosed."  U.S. ex rel. Williams v. NEC Corp., 931 F.2d 1493, 1500 (11th Cir. 1991).  No "original source" analysis is necessary here because the second amended complaint is not based upon a public disclosure.

3

Therefore, after careful consideration of the Report and Recommendation, the Lincare Defendants' objections, and Relator's response, in conjunction with an independent review of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 182) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Defendant Lincare's Motion to Dismiss Relator's Second Amended Complaint Pursuant to Rule 12(b)(1) (Doc. # 174) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of October 2008.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

4

All Counsel of Record