UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE,

          Plaintiff,

v.                                           Case No. 8:06-CV-40-T-33MAP

BREATHE EASY PULMONARY
SERVICES, INC. *et al.*,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Lincare's motion for determination of entitlement to attorneys' fees (doc. 279) and supplemental authority (doc. 285), and the Relator's responses thereto (doc. 283). By the motion, Lincare seeks entry of an order declaring Lincare is entitled to recover attorneys' fees and non-taxable costs incurred in defending this action. The Relator opposes the motion, asserting the award of fees under the False Claims Act is reserved for rare and special circumstances. I agree, and recommend Lincare's motion be DENIED for the reasons set forth below.[1]

    *A. Background*

On July 24, 2007, Bane filed his Second Amended Complaint ("Complaint") (doc. 35) against Breathe Easy Pulmonary Services, Inc., Premier Cardio Pulmonary Medical, Inc., (together the "Breathe Easy Defendants") and the Lincare Defendants seeking to recover damages

---

[1] The district judge referred this motion to me for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 284.

and civil penalties pursuant to the Federal Civil False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*[2] Bane alleged the Lincare Defendants, a durable medical equipment company (DME), conspired with the Breathe Easy Defendants, independent diagnostic testing facilities (IDTFs), and other IDTFs around the United States including Life Care Diagnostics, Inc. to submit fraudulent claims for payment to Medicare for medically unnecessary and redundant additional services performed in conjunction with pulse oximetry testing.

In an Order dated February 5, 2008, the district judge granted Lincare's motion to dismiss Count II of the Relator's Complaint (doc. 35), finding that the Relator had failed to allege that Lincare solicited or received remuneration for the referrals to Breathe Easy, and denied the Relator's motion to amend the Complaint to add allegations that Lincare benefitted from the referrals by getting the oximetry tests done quickly (facilitating faster Medicare reimbursement). *See* Order, doc. 86. In the same Order, the district judge denied the motion to dismiss Counts I, finding the allegations satisfied Rule 9(b)'s particularity requirement and Rule 12(b)(6)'s standard as it adequately apprised the Defendants of the claim against them. *See* Order, doc. 86 adopting Report and Recommendation, doc. 65, as to Count I. Thereafter, the parties engaged in discovery; the Relator purportedly spent over $200,000 of his own money pursuing his claim.

On November 3, 2008, Lincare moved for summary judgment. After considering the motion, the Court ultimately determined that the Relator failed to present sufficient evidence under § 3729(a)(3) of a conspiratorial agreement between Lincare and Breathe Easy for the purpose of defrauding the Government (doc. 271, p. 17) and that the "link between Lincare's conduct and Breathe Easy's submission of Medicare claims is simply too attenuated to support

---

[2] The Relator voluntarily amended both his original and first amended complaints.

2

liability under the causation element" of § 3729(a)(1) (doc. 271, p. 24) and that the Relator had not presented any evidence that Lincare violated § 3729(a)(2) by knowingly making or causing to be made a false record or statement to get fraudulent claims paid by the Government (doc. 271, p. 25).

*B. Standard of review*

Pursuant to 31 U.S.C. § 3730(d)(4), "[i]f the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the *defendant prevails in the action* and the court finds that the claim of the person bringing the action was *clearly frivolous, clearly vexatious, or brought primarily for the purpose of harassment*" (emphasis added). While a court may award fees if the Relator's suit falls within any of §3730(d)(4)'s three enumerated categories, an award of fees should be reserved for rare and special circumstances. *Pflingston v. Ronan Engineering Co.*, 284 F.3d 999, 1006 (9th Cir. 2002). A district court should review "the entire course of the litigation" in making this determination. *United States ex rel. v. Grynberg*, 389 F.3d 1038, 1059 (10th Cir. 2004) (citing *Christiansburg Garment Co.v. EEOC*, 434 U.S. 412, 421-22 (1978)). However, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg, supra.*

Congress intended entitlement to attorneys fees under § 3730(d)(4) to reflect the standard under 42 U.S.C. § 1988, and hence § 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act. *Pflingston v. Ronan Engineering Co.*, 284 F.3d 999 (9th Cir. 2002) (recognizing that the legislative history of False Claim's Act also indicates Congress

viewed the § 1988 standard as analogous, and citing to it at 99 Sen.Rep. 345). An action is frivolous when the case is "so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985) quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981). Similarly, "an action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pflingston, supra,* at 1006. Vexatious and harassing claims are those instituted maliciously or without good cause. *Black's Law Dictionary* 1596 (8th ed. 2004). The existence of a relator's subjective intent distinguishes between vexatious and harassing litigation. While harassment suggests bad faith on the losing party's behalf, the term vexatious does not imply that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. *Christiansburg, supra,* at 421. Examples of vexatiousness or an intent to harass on Plaintiff's part include, but are not limited to, actions that deliberately delay the proceedings, attempts to relitigate a previously decided claim against the same defendant, the raising of new allegations in an effort to circumvent the defendant's arguments in a motion to dismiss, and where the government's undisputed prior knowledge of information alleged to constitute fraud defeated any inference of a false claim. *United States ex rel. Cooper & Assoc., Inc. v. Bernard*, 422 F. Supp 2d 225, 238 (D.D.C. 2006) (quoting *Mikes v. Straus*, 98 F. Supp. 2d 517, 527 (S.D.N.Y. 2000) (finding complete lack of evidentiary support amounted to vexatiousness and a primary intent to harass)). *See also United States ex rel. Bain v. Georgia Gulf Corp.*, 208 Fed. Appx. 280 (5th Cir. 2006) (finding suit frivolous or vexatious where relator's amended complaint added new claim but failed to satisfy a number of jurisdictional and

4

procedural prerequisites even after district judge notified relator of FCA's heightened pleading requirements).

*C. Discussion*

Lincare moves for attorney fees pursuant to § 3730(d)(4), characterizing the Relator's allegations against it as frivolous, clearly vexatious, and brought for the purpose of harassment. In deciding whether attorneys fees are appropriate, is important to analyze the Relator's claims from the outset of the litigation and at the summary judgment stage. *Grynberg v. Praxair, Inc.*, 183 Fed.Appx. 724 (10th Cir. 2006). However, as the Supreme Court cautioned in *Christiansburg*, courts cannot engage in *post hoc* analysis. *Christiansburg,* 434 U.S. at 421-22. After conducting his own investigation, the Relator filed this action alleging Lincare and others conspired to submit fraudulent bundling of laboratory test to Medicare. Although this court dismissed one of the Relator's claims- that Lincare violated the Anti Kickback Act (count II)- the court denied Defendants' motion to dismiss two other claims, finding that they complied with Rules 9(b) and 12(b)(6). Hence, I find that at the time the Relator filed his action, he had sufficient facts in his possession to state claims against Lincare that were neither groundless or without foundation. *See Grynberg*, at 730. The parties conducted discovery, and the Relator continued to litigate his theory that the Defendants fraudulent scheme to submit false claims, citing to doctors' deposition testimony about their lack of knowledge that signing Breathe Easy's forms supplied by Lincare authorized additional tests to be performed and billed to Medicare. In pressing forward against Lincare who admittedly did not receive any Medicare reimbursement as a result of the scheme, the Relator relied upon other *qui tam* cases that held defendants responsible for facilitating in the scheme even when the particular defendant did not benefit from

the scheme. *See United States ex rel. McCready v. Columbia/ HCA Healthcare Corp.*, 251 F.Supp. 2d 114, 118 *D.D.C. 2003) (cited to in Relator's response to motion for summary judgment, doc. 210, p. 19). The Relator explains in his memorandum in opposition to the motion for attorneys fees that "he had no reason to expect that Lincare's lack of direct monetary gain would be used as evidence of a lack of conspirational agreement." *See* doc. 283, p. 6. In deciding the motion for summary judgment, the district judge ultimately found the Relator's theory unavailing, concluding that the "Relator has not alleged that Lincare shared in the proceeds from the false claims and the record amply supports an independent and legitimate reason for Lincare's referrals to Breathe Easy." Doc. 271, p. 20. Upon review, I find that the district judge's extensive twenty-seven page Order concluding that the Relator's allegations did not support viable FCA claims against Lincare does not equate to a finding that the Relator's claims against Lincare were baseless. The issues ultimately determined by this Court to be crucial in ruling out the Relator's claims that Lincare "caused" false claims to be submitted and conspired with Breathe Easy to defraud the Government were not fully elucidated prior to the summary judgment stage. Moreover, as the Relator argues in its opposition memorandum of law, the Relator had ample reason based on prior similar cases to believe he had asserted sufficient facts to advance to trial on his allegations that Lincare caused false claims to be submitted. *See United States v. Thurston*, 358 F.3d 51 (1st Cir. 2004); *United States v. Shaw*, 113 F.Supp 2d 152 (D. Mass. 2000); *United States ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97, 98-99 (3rd Cir. 2000). As in *Grynberg*, I find the Relator had at least a reasonable basis to believe that he could pursue his claim against Lincare and his arguments at the summary judgment phase were not wholly without merit. *Grynberg, supra,* at 730. For these reasons, I cannot conclude that the

Relator's claims were frivolous.

In addition to calling the Relator's claims frivolous, Lincare argues that the Relator's claims were vexatious and that he acted with an improper motive in pursuing this action. Lincare asserts that the Relator "admitted that the FBI raid of the former BMS centers and Lincare's subsequent attempt to rescind the parties' contract caused him to begin his 'investigation' of Lincare." *See* doc. 279, p. 12 n.8. "The purpose of the False Claims Act is to remedy fraud against the government, not to provide a vehicle fore relators to pursue their own agenda." *United States ex rel. Haight v. Catholic Healthcare West*, 2008 WL 607150 (D. Ariz. 2008). However, as the *Haight* court recognized, imposition of fees pursuant to § 3730(d)(4) requires a showing that the relator was motivated "primarily" by an improper purpose. As in *Haight*, having already decided that the Relator's claims against Lincare were not frivolous, I cannot conclude that the Relator's primary purpose for bringing the claims was to harass Lincare. The Relator began investigating Lincare to find out what labs were performing tests for Lincare in the event that Bane Medical needed to take the company back. *See* Bane deposition, exhibit A Lincare's motion (doc. 279, p. 45 lines 7-15). His investigation revealed that physicians called Lincare to arrange for overnight pulse oximetry testing, that Lincare referred the testing to firms like Breathe Easy, and that Lincare arranged for Breathe Easy and other testing companies to perform the pulse oximetry tests as well as additional medically unnecessary tests. The Relator's instant action is premised upon these revelations– the fruit of his investigation.

*D. Conclusion*

I simply cannot conclude under these circumstances that the Relator's action against Lincare was frivolous, clearly vexatious, or brought primarily for purposes of harassment as it

must to justify an award of attorneys' fees under § 3730(d)(4). *See United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.,* 528 F.Supp. 2d 533, 546 (E.D. Pa. 2007) (finding that relator who spent considerable sums pursuing claim that ultimately failed consistent with the FCA's provisions that reward only prevailing relators and discourages knowingly bringing spurious claims with little chance of success). As the *Atkinson* court noted, the Relator's "willingness to expend considerable wealth pursuing the claim evidences its meritorious underpinnings." *Id.* at 546. As in *Atkinson*, I find Lincare's reference to the FBI raid and the FBI's investigation of Lincare and the contractual dispute between the Relator and Lincare irrelevant to the Court's current analysis because they do not relate to the Relator's claims in this action. *See Atkinson,* 528 F.Supp. 2d at 546 n.14. Awarding attorney fees in this case would dissuade this type of litigation that Congress deemed beneficial. *Id.*

Accordingly, it is hereby

RECOMMENDED:

1. Lincare's motion for determination of entitlement to attorney's fees (doc. 279) be DENIED.

IT IS SO REPORTED at Tampa, Florida, on March 20, 2009.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Counsel of Record