UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE

    Plaintiff,

v.                              Case No. 8:06-cv-40-T-33MAP

BREATHE EASY PULMONARY
SERVICES, INC. et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 287), filed on March 20, 2009, recommending that Lincare's motion for determination of entitlement to attorney's fees (Doc. # 279) be denied. Defendant Lincare Holdings, Inc., filed objections to the Report and Recommendation (Doc # 288) on April 2, 2009, and Relator Ben Bane filed a response to those objections (Doc. # 293) on April 17, 2009.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied,

459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Lincare filed the subject motion seeking entitlement to attorney's fees and non-taxable costs pursuant to 31 U.S.C. § 3730(d)(4). Lincare argued that an award of attorney's fees was appropriate because Lincare prevailed in the action and Bane's claim was "clearly frivolous, clearly vexatious, or brought primarily for the purpose of harassment." (Doc. # 279 at 6); 31 U.S.C. § 3730(d)(4). Following a thorough analysis, the magistrate judge determined that Bane's action was not frivolous, vexatious, or brought primarily for purposes of harassment and therefore Lincare was not entitled to attorney's fees under § 3730(d)(4).

Lincare has objected to the magistrate judge's report and recommendation on three grounds: (1) the magistrate judge incorrectly found that "the parties' contentious history is

2

irrelevant to the instant action"; (2) the report and recommendation improperly combined the analysis of Bane's vexatiousness and harassment; (3) Bane's "erroneous argument that the length of the Summary Judgment Order indicates that his claims are not frivolous" was mistakenly adopted by the magistrate judge; and (4) the report and recommendation relied upon "inapplicable case law" in concluding that Bane had sufficient reason to believe that his claims were meritorious. (Doc. # 288 at 3-4). After conducting an independent review of the file, the Court is constrained to reject Lincare's grounds for objection and adopt the magistrate judge's report and recommendation.

Lincare's representation that the magistrate judge found the parties' contentious history "irrelevant" to its analysis is incorrect. The magistrate judge recognized that Bane's investigation into the Defendants' billing practices began after an FBI raid of former BMS centers and Lincare's subsequent attempt to rescind the parties' contract.[1] (Doc.

---

[1] Bane owned an oxygen supply company, Bane Medical Services, Inc. ("BMS"), which he sold to Lincare on December 20, 2004. (Doc. # 279 at 4). On January 11, 2005, the FBI raided the former BMS centers as part of its investigation of activities occurring at BMS prior to its sale to Lincare. (Id.). Lincare then attempted to rescind the contract with Bane, leading to a civil contract action brought by Bane against Lincare in state court. (Id. at 5).

3

# 287 at 7). However, based on Bane's deposition testimony, the magistrate judge found that Bane began his investigation for the purpose of determining what labs were performing tests for Lincare in the event that Bane needed to take the company back. (Id.; Doc. # 279-2, Bane Depo. at 45:7-15, 46:13-18). Because the evidence showed that Bane brought this action based on "the fruit of his investigation," the magistrate judge found that Bane's claim was neither clearly vexatious nor brought for the "primary purpose" of harassing Lincare. (Doc. # 287 at 7).

Thus, the magistrate judge did not disregard the parties' history in reaching his conclusion. Although Lincare again argues that the FBI raid and the related contractual dispute establish that Bane pursued the current lawsuit because of his "personal vendetta" against Lincare, Lincare has not pointed to any evidence in the record that discredits Bane's testimony regarding his motives for pursuing the investigation and bringing this action. The undersigned concurs that the parties' contentious history is not sufficient evidence to conclude that Bane brought this suit for a vexatious or harassing purpose.

Lincare's argument that the report and recommendation should be rejected because it incorrectly combined the

4

vexatiousness and harassment analyses is also unavailing. The report enumerated and defined the three categories of suits that justify an award of attorney's fees under § 3730(d)(4). (Doc. # 287 at 3-4). The magistrate judge also noted the distinction between a vexatious claim and one brought for purposes of harassment. (Id. at 4).

As the report and recommendation points out, the difference between the two categories is that vexatiousness suggests subjective bad faith on the part of the Relator, while harassment is not dependent on a finding of bad faith. (Id.). Indeed, "[t]he term 'vexatious' means that the losing party's actions were 'frivolous, unreasonable, or without foundation, even though not brought in bad faith.'" Washington Hosp. Ctr. v. Service Employees Int'l Union, 746 F.2d 1503, 1510 (D.C. Cir. 1984) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The magistrate judge considered Bane's subjective intent as well as the presence of adequate facts in the record to support a reasonable belief that Lincare's participation in the filing of claims supported a finding of conspiracy. (Id. at 5-7). Only after analyzing both the objective foundation for the claims and Bane's subjective intent in bringing the claims did the magistrate judge conclude that the case was neither vexatious nor brought

5

primarily for purposes of harassment.

Lincare's assertion that the magistrate judge's recommendation was improperly based on consideration of the length of this Court's summary judgment order is easily dispensed with. It is apparent from the wording of the report that the magistrate judge simply referred to the length of the summary judgment order to demonstrate that the undersigned rejected Bane's claim of conspiracy only after thoroughly considering the record evidence.

Finally, Lincare argues that the magistrate judge relied on inapplicable case law in concluding that Bane had "ample reason based on prior similar cases to believe he had asserted sufficient facts to advance to trial on his allegations that Lincare caused false claims to be submitted." (Doc. ## 287 at 6; 288 at 11). The undersigned disagrees. The cases that allegedly suggested to Bane that he had a valid claim for conspiracy against Lincare involved similar conspiracies whereby laboratories submitted fraudulent claims to Medicare for medically unnecessary tests. See <u>United States v. Thurston</u>, 358 F.3d 51, 65 (1st Cir. 2004), <u>vacated on other grounds</u>, 543 U.S. 1097 (2005) (defendant charged with conspiracy to defraud by inducing physicians through deceit and trickery into mistakenly certifying tests as medically

necessary); United States v. Shaw, 113 F. Supp. 2d 152, 157 (D. Mass. 2000) (defendant charged with knowingly conspiring to defraud Medicare by engaging in trickery and deceit in order to cause physicians to order medically unnecessary blood tests). Although the cited cases involved criminal charges of fraud, the circumstances therein are sufficiently similar to those in the case at bar to reasonably suggest to Bane that his claims against Lincare had merit.

Moreover, this "similar" case law is by no means the sole basis for finding that Bane's claims were not frivolous. Although the undersigned ultimately found that the link between Lincare's actions and Breathe Easy's submission of Medicare claims was "too attenuated" to satisfy the causation element under the FCA, this does not equate to a finding that Bane's claims against Lincare were completely unfounded. (Doc. # 274 at 24). The undisputed facts showed that Lincare was involved in the process of transmitting the lab order forms between the physicians and Breathe Easy and that Lincare employees instructed physicians in how to complete the order forms. (Id. at 22-24). These actions were found to be insufficient to establish Lincare's participation in the submission of false claims, but it cannot be said that Bane's claims were "so lacking in arguable merit as to be groundless

or without foundation." Sullivan v. School Bd. Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (citations omitted).

Therefore, after careful consideration of the Report and Recommendation, Lincare's objections, and Bane's response, in conjunction with an independent review of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 287) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Lincare's motion for determination of entitlement to attorney's fees (Doc. # 279) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of April 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record