UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* BEN BANE,

    Plaintiff,

v.                         Case No. 8:06-cv-40-T-33MAP

BREATHE EASY PULMONARY
SERVICES, INC. et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Lincare Holdings, Inc.'s Motion to Enforce Costs (Doc. # 294), filed on April 23, 2009. Relator Ben Bane filed a response in opposition (Doc. # 299) on May 7, 2009.

On January 23, 2009, this Court granted Lincare's Motion for Summary Judgment (Doc. # 271), and a final judgment was entered in Lincare's favor on February 3, 2009 (Doc. # 277). Pursuant to Federal Rule of Civil Procedure 54(d), Lincare filed a proposed bill of costs as the prevailing party in this action on February 16, 2009. (Doc. # 278). The Clerk taxed costs in the amount of $65,053.63, against Bane on February 18, 2009. (Doc. # 280). Bane never filed an objection to the taxation of costs.

On March 19, 2009, Lincare sent a letter to Bane's counsel, notifying Bane of his obligation to pay costs pursuant to Rule 54(d), and demanding payment in the amount of $65,053.63, within ten days. (Doc. # 294-2). After one month passed without a response from Bane, Lincare filed this motion requesting that the Court issue an order enforcing the Clerk's award of taxable costs to Lincare.

Bane asserts that costs should not be awarded in this case because it would have an "inevitable chilling effect on relators in future [False Claims Act ("FCA")] cases." (Doc. # 299 at 2). In addition, Bane contends that courts have denied costs to prevailing defendants in FCA cases involving "close and difficult legal questions." (Id.). According to Bane, both the report and recommendation (Doc. # 287) and the Order (Doc. # 297) on Lincare's motion for attorney's fees indicate that such close and difficult legal questions were present in this case. (Doc. # 297 at 2).

Rule 54(d)(1) provides that, "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The prevailing party enjoys a strong presumption that its costs will be awarded. Mathews v. Crosby, 480 F.3d 1265, 1277 (11th Cir. 2007). A district

2

court needs a "sound basis" to overcome this strong presumption in favor of the prevailing party. Id.

The Court need not address the merits of Bane's objections, because Bane did not object to the Clerk's taxation of costs within the five-day time frame set forth in Rule 54(d). Fed.R.Civ.P. 54(d)(1) (providing that "[o]n motion served within . . . five days [after the clerk's taxation of costs], the court may review the clerk's action"). It is within the district court's sound discretion to "decline to review an untimely objection to costs." Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007).

Bane did not file a motion requesting review of the taxation of costs; he simply responded in opposition to Lincare's motion to enforce costs. Further, Bane's opposition to Lincare's motion to enforce costs came almost three months after the clerk's taxation of costs. Under similar circumstances, the Eleventh Circuit upheld a district court's order declining to address objections to an award of costs because the objection was "well beyond the five day deadline" and the party "failed to show excusable neglect." Id. at 1255.

Bane explains his three month delay in asserting objections by stating, "Undersigned counsel did not object to

3

Lincare's Bill of Costs during the 5 day window provided in Rule 54(d) because the costs sought were taxable and documented." (Doc. # 299 at 3). Bane gives no indication as to why this fact excuses his failure to timely file objections, and the Court does not find this reason sufficient to show "excusable neglect."

Bane also points out that both the magistrate judge's report and recommendation on attorney's fees and the Court's Order adopting those recommendations noted that this was a "close case." (<u>Id.</u>). Bane argues that it was only after this determination by the Court that he discovered he could object to costs based on the closeness of the case.

The Court is unpersuaded by this argument. The Court will not excuse counsel's failure to file timely objections to the clerk's taxation of costs simply because counsel failed to fully research the possible bases for such objections.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Lincare Holdings, Inc.'s Motion to Enforce Costs (Doc. # 294) is **GRANTED.**

(2) Relator Ben Bane is directed to tender payment of costs to Lincare Holdings, Inc. in the amount of $65,053.63, within ten (10) days of the date of this Order.

4

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of May 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record