UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex. rel.* BEN BANE,

    Plaintiffs,

v.                                Case no. 8:06-CV-40-T-33MAP

BREATHE EASY PULMONARY
SERVICES, INC. *et al.*,

    Defendants.
_____/

### ORDER

This closed case is before the Court for consideration of Plaintiff Ben Bane's motion for relief from protective order (doc. 306). Plaintiff seeks modification of the protective order (docs. 117, 121) so he can obtain documents produced in this action by Breathe Easy Pulmonary Services, Inc. ("Breathe Easy") for use in the criminal case against him. *See United States v. Ben Bane*, Case No. 8:09-cr-352-T-33MAP.

Bane has sought the Breathe Easy documents pursuant to a Rule 17(c) subpoena in the criminal case against him. Although the protective order in this case provides that upon conclusion of this litigation the protected documents should have been destroyed or returned to the producing party, counsel informed the Court at a hearing in the criminal matter that the documents Bane seeks remain in the possession of Bane's *qui tam* counsel.[1] Because Bane's

---

[1] The protective order provides:

Within thirty (30) days of the conclusion of the Litigation, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return of all

*qui tam* counsel still had the Breathe Easy documents from the civil litigation, and because Breathe Easy did not make any factual representations supporting a contrary view, it appeared to the Court that Breathe Easy had abandoned the documents. The Court stated as much when deferring ruling on Breathe Easy's motion to quash the Rule 17(c) subpoena and suggesting Bane seek relief from the protective order in case. In responding to Bane's motion for relief from the protective order, however, Breathe Easy (adopting Lincare Holdings Inc. and Lincare Inc.'s response) argues Breathe Easy did not abandon the documents. Supporting that argument is an email to Breathe Easy's counsel from Lincare's counsel confirming receipt of Breathe Easy's instructions to destroy the documents produced during the *qui tam* litigation. The email further states that Bane's counsel was being copied (on the email) so Bane's counsel could "act accordingly." Doc. 308 Ex. C. This certainly suggests Bane's counsel was instructed to destroy the documents. There is, however, no evidence that Breathe Easy followed up with Bane's counsel or received the certification of document destruction contemplated by the protective order in this case. Although it appears Bane's *qui tam* counsel did not act in compliance with the protective order's conclusion of litigation provisions, it also appears Breathe Easy did not seek to ensure compliance with those provisions. Breathe Easy

---

"HIPAA Protected" Litigation Materials or Litigation Materials designated as "Confidential" or "Attorneys' Eyes Only" (and all copies and notes, abstracts or summaries made from such Litigation Materials) from all persons to whom such materials were disclosed under the terms of this Agreement. Counsel shall then either destroy all such materials and provide certification of that destruction to opposing counsel, or return them to counsel for the party or non-party who initially produced the Litigation Materials (at that party or non-party's option and expense)..."

Doc. 117.

was not so concerned about disclosure of the documents that they made sure to obtain return of the documents or certification of destruction from Bane's *qui tam* counsel.

Leaving the abandonment issue aside, the Court notes that motions to modify protective orders are directed to the Court's discretion. *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993). Courts generally apply a balancing test in deciding such motions: considering the movant's need for the documents and the salutary benefit in avoiding repetitive discovery in the other litigation against the reasons for enforcing the order. The movant must show good cause for the requested modification. *See generally*, Wright, Federal Practice and Procedure: Civil 2d § 2044.1.

Bane previously sought modification of the protective order so that he could use documents from this action in a state action between the same parties. The Court denied that motion because the state action was pending at the time the parties reached their confidentiality stipulation (and therefore presumably was considered at the time the parties entered into the stipulation) and because Bane had not shown the documents covered by the protective order would be relevant to the issues in the state case. The analysis here differs. The confidentiality stipulation was entered into in April 2008. Although the government had been investigating Bane, he was not indicted until July 2009. Therefore, at the time of the stipulation, Bane did not know what, if any, charges were going to be brought against him. Additionally, Bane has presented arguments as to the relevance of the *qui tam* documents to the issues in the criminal case. Although this Court, in ruling on motions to quash the Rule 17(c) subpoenas in the criminal case, has expressed the view that the evidence sought by Bane for use in the criminal case appears to be of marginal relevance, the fact that Bane's liberty is at stake weighs in

favor of modification. Upon consideration of the foregoing, the Court concludes Bane has established good cause for modification of the protective order.

For the foregoing reasons, it is hereby

ORDERED:

1. Bane's motion for relief from protective order (doc. 306) is GRANTED to the extent that Bane's *qui tam* counsel is directed to produce to Edward J. Page of the law firm of Carlton Fields, P.A., P.O. Box 3239, Tampa, Florida 33601 the documents produced to Bane by Breathe Easy in the *qui tam* litigation.[2]

2. In all other respects, and specifically as to any documents produced by any other party or non-party in the *qui tam* litigation which remain in the custody of Bane's *qui tam* counsel, the protective order (docs. 117, 121) remains in effect.

3. The documents subject to paragraph one above are not to be used in any proceeding other than in *United States v. Ben Bane,* Case No. 8:09-cr-352-T-33MAP.

IT IS SO ORDERED at Tampa, Florida on June 8, 2010.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[2] The Court finds, based on counsel's representations, that these documents are responsive to the Rule 17(c) subpoena dated February 22, 2010, and issued to Breathe Easy Pulmonary Services, Inc. in *United States v. Ben Bane,* Case No. 8:09-cr-352-T-33MAP. A copy of the subpoena is attached to this Order.

EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## For the
## Middle District of Florida

United States of America )
v. )
Ben Bane, et al. )   Case No. 8:09-cr-352-T-33MAP
)
Defendant

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Breathe Easy Pulmonary Services, Inc.
2194 Main Street, Suite 1
Dunedin, FL 34698

YOU ARE COMMANDED to appear in the United States District Court at the time, date, and place shown below to testify in this criminal case. To obtain a specific date and time for your appearance during the month of May 2010 or during any later trial term, please call Edward J. Page at the number below. Pursuant to the enclosed Order of the District Court, you must produce the documents described in Attachment A to this subpoena no later than 14 days from receipt of this subpoena.

| Place of Appearance | Courtroom No.: |
|---|---|
| U.S. District Court<br>801 N. Florida Avenue<br>Tampa, Florida 33601 | 14 B |
| | Date and Time:<br>04/05/2010  9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
SEE ATTACHED EXHIBIT A

This subpoena shall remain in effect until you are granted leave to depart by the Court or by an officer acting on behalf of the Court.

(SEAL)

Date: FEB 2 2 2010

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ben Bane
_____, who requests this subpoena, is:

Edward J. Page
Carlton Fields, P.A.
P.O. Box 3239
Tampa, Florida 33601-3239
(813) 223-7000
epage@carltonfields.com

16399717.1

## EXHIBIT B

## CERTIFICATION PURSUANT TO FED. R. EVID. 902(11)
(documents maintained within the United States)

I,_____, am a _____
          [Name]                                              [Title]

of _____. As such, I am a duly authorized custodian of
          [Company]

records. I hereby certify that the attached documents, which are:

[Insert general description]




are domestic records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; that such records were kept in the course of a regularly conducted business activity; that the regularly conducted business activity made such records as a regular practice; and that such records are [originals] [duplicates of originals].
   [Strike one]

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____
       [City, State]


_____
[Date]

                                                _____
                                                [Signature]


                                                _____
                                                [Printed name]


16070767.1

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.: _____

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____ was received by me on (date) _____,

☑   I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ or

☐   I returned the subpoena unexecuted because: _____
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

16399717.1

FILED
BN
2010 FEB 12  AM 7:50
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:09-CR-352-T-33MAP

BEN BANE,
GREGORY BANE, and
TRACEY BANE,

Ex Parte and In Camera
Under Seal

Defendants.
_____/

## ORDER

Before the Court is Defendant Ben Bane's ex parte and in camera motion for authorization of subpoenas *duces tecum* for the pretrial production of certain records from **Breathe Easy Pulmonary Services, Inc.** Being fully informed and having reviewed and considered the substance of the motion, including any privacy protections afforded by the Health Insurance Portability and Accountability Act of 1996 (Public Law 104-91) and its implementing regulations promulgated by the U.S. Department of Health and Human Services (45 C.F.R. parts 160, 162 and 164) (collectively "HIPAA"), it is hereby

**ORDERED** that the Motion is hereby **GRANTED**; and it is further

**ORDERED** that the Defendants are **GRANTED** authorization to issue the subpoena *duces tecum* attached to the Motion as Exhibit A.

**DONE AND ORDERED** this __11__ day of February 2010.

_____
Mark A. Pizzo
United States Magistrate Judge

16107589.1

## Exhibit A
### Breathe Easy Pulmonary Services, Inc.

### Instructions

For purposes of compliance with this Subpoena:

1. The documents requested herein encompass all documents that are in the possession, custody or control of Breathe Easy Pulmonary Services, Inc. (BEPSI) or any of its parents, affiliates or subsidiaries, or any of their agents, employees, officers, attorneys and/or other persons authorized to act on behalf of any such entities, or for which BEPSI or any of its affiliates, subsidiaries, agents, employees, officers, attorneys and/or other persons authorized to act on their behalf have the right or ability to request, review, or access such materials, are to be produced as they are kept in the usual course of business and organized and labeled to correspond to the numbered paragraphs or categories of particular requests. If there are no documents responsive to a particular numbered paragraph and/or category, so state in writing.

2. All documents produced from inside the United States are to be accompanied by a certification under Rule 902(11) of the Federal Rules of Evidence, substantially in the form of the certification attached hereto as Exhibit B. All documents produced from outside the United States are to be accompanied with a certification under Title 18, United States Code, section 3505, substantially in the form of the certification attached hereto as Exhibit C.

3. For each responsive document withheld under a claim of privilege, the following information shall be provided:

   (a) whether the document has been previously provided to any outside party in full or redacted form;

   (b) the nature of the privilege (including work product) that is being claimed and, if applicable, the state rule or law governing such claim;

16070767.1

    (c)    the identities of all persons who have or had access, or purport to have or have had access to said document;

    (d)    the type of document (i.e., letter, memorandum, etc.);

    (e)    the general subject matter of the document;

    (f)    the date of the document; and

    (g)    such information as is sufficient to identify the document including, where appropriate, the document author(s), addressee(s), and where not apparent, the relationship between the authors(s) and addressee(s).

4.    All documents produced shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim as well as final versions of the document shall be produced, and all versions or copies that are not identical to the original or other produced copy of the document, whether due to handwritten notations, modifications, changes, amendments, revisions or otherwise, shall be produced and/or otherwise treated as a separate document.

5.    If any requested document has been destroyed or discarded, or is no longer in existence, that document is to be identified by stating:

    (a)    its date of destruction or discard;

    (b)    the manner and reason for its destruction or discard; and

    (c)    the identity of the document's last custodian and of each person responsible for the document's destruction or unavailability.

6.    If any requested document was, but no longer is in your possession, state all circumstances of its disposition and whether any copy is in the possession, custody or control of some other person or entity and indicate why the document or a copy cannot be produced.

7. Where anything has been deleted from a document produced:

   (a) specify the nature of the material deleted;

   (b) specify the reason(s) for the deletion; and

   (c) identify the person(s) responsible for the deletion.

8. If any request herein cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

9. The requests shall be deemed continuing so as to require further and prompt supplemental production if, between the date hereof and the time of trial, any additional documents come into your possession, custody or control or the possession, custody or control of your agents or representatives including, but not limited to, any attorneys, accountants and advisors.

10. All references to the singular shall be deemed to include the plural, and all references to the plural shall be deemed to include the singular.

11. All references to masculine gender shall be deemed to include the feminine and the neuter.

12. Requests for e-mails include those stored or archived on the user's personal hard drive(s), any shared or public network drives as well as those recoverable from back-up tapes or similar such data compilations.

## DEFINITIONS

Unless otherwise noted, the terms set forth below are defined as follows:

1. "Document" shall have the broadest meaning permitted by the rules of the Court, and should include any hard-copy, electronic or computerized data compilation, including correspondence, memoranda, records, summaries of personal conversations or interviews,

16070767.1

minutes or records or notes of meetings of conferences, note pads, notebooks, notes, opinions, reports, financial or statistical statements or compilations, analyses, confirmations, publications, articles, books, pamphlets, manuals provisions, desk reviews, audits, rate sheets, circulars, microfilm, microfiche, studies, logs, surveys, diaries, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, hard drives, network drives, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("e-mail") (including any information contained in any computer, even if not yet printed out), voice mail messages, interoffice communications, and any other writings, papers, and tangible things of whatever description whatsoever. Nonidentical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts, whether printed or recorded (through sound, video, or other electronic, magnetic, or digital recording system) should each be treated and produced as separate documents for these purposes.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "Any" includes "all" and vice versa.

4. "Concerning" shall mean relating to, referring to, describing, evidencing, reflecting or constituting.

5. "Including" shall mean "including but not limited to."

6. "Person" or "persons" shall mean natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

16070767.1

## DOCUMENTS SUBPOENAED
### Breathe Easy

1. Any and all Breathe Easy Pulmonary Services, Inc. (Breathe Easy) Assessment Referral forms received from Lincare or Lincare owned companies (including but not limited to Respiratory Homecare, Patients First, Central Florida Respiratory, and Bane Medical Services after December 21, 2004) for the years 2000-2004.

2. All documents concerning communications with physicians regarding the performance and/or billing of clinical evaluations or pulmonary evaluations by Breathe Easy.

3. All documents concerning the distribution, completion, pick up, or dissemination of Breathe Easy O2 Assessment Referral forms.

4. All documents concerning any complaints by physicians concerning the performance and/or billing of clinical evaluations or pulmonary evaluations by Breathe Easy.

5. All documents concerning the completion or distribution of Breathe Easy Respiratory Clinical Evaluation forms.

6. All documents concerning any protocols for the provision or billing of clinical evaluations or pulmonary evaluations by oximetry testing companies.

7. All correspondence with Dr. Howard Diener or Suncoast Lung Center concerning the provision or billing of clinical evaluations or pulmonary evaluations.

8. All training documents concerning arranging for testing by independent oximetry testing companies.

9. All durable medical equipment (DME) companies Breathe Easy Pulmonary Services, Inc. (BEPSI) and/or Premier Cardio Pulmonary Medical, Inc. (PCPMI) tested for, including but not limited to Lincare, Rotech, and others.

16070767.1

10. Any and all documents regarding oximetry tests BEPSI and/or PCPMI performed for any durable medical equipment provider.

11. Durable medical equipment referral forms BEPSI generated concerning any testing performed for a DME.

12. Physicians' prescriptions for oxygen, oximetry tests, and Clinical Evaluations BEPSI or PCPMI received.

13. BEPSI may comply with this subpoena by providing the documents that it produced, pursuant to requests similar to those found in paragraphs one through 12 of this subpoena, to attorney Kevin Darken of Cohen, Foster and Romine, P.A. in <u>Ben Bane v. Breathe Easy Pulmonary Services, Inc.</u>, Case No. 8:06-cv-00040-VMC-MAP.

## EXHIBIT C

## CERTIFICATION PURSUANT TO 18 U.S.C. § 3505
(documents maintained outside the United States)

I,_____, am a _____
　　　　[Name]　　　　　　　　　　　　　　　[Title]

of _____. As such, I am a duly authorized custodian of
　　　　　　[Company]

records. I hereby certify that the attached documents, which are:

[Insert general description]

are foreign records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; that such records were kept in the course of a regularly conducted business activity; that the business activity made such records as a regular practice; and that such records are [originals] [duplicates of originals].
　　　　[Strike one]

As used herein, the term "foreign record" means a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a country other than the United States.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____
　　　　[City, State/Country]


　　　　_____
　　　　[Date]



　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　[Signature]


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　[Printed name]

16070767.1

# CHASE & ASSOCIATES, INC.
*Forensic Investigative Services*

**MAILING ADDRESS**
13911 W. HILLSBOROUGH AVENUE
SUITE 310
TAMPA, FLORIDA 33635

(813) 233-3003
(727) 785-1273

FAX (727) 785-2437

**LOCATION**
TAMPA THEATRE BUILDING
707 N. FRANKLIN STREET
SUITE 600
TAMPA, FLORIDA 33602

**PRESIDENT**
ROBERT MAZUR

**SENIOR VICE PRESIDENT**
DAVID E. SIEGWALD

**VICE PRESIDENTS**
JAMES B. BAXTER
DANIEL W. DUNN
DONALD J. SCHMIDT
KENNETH J. WALSH

February 24, 2010

Breathe Easy Pulmonary Services, Inc.
Attention: Brandon W.
2194 Main Street, Suite I
Dunedin, FL 34698

<u>By Certified Mail</u>

RE: US v. Ben Bane et al.

Dear Brandon:

Enclosed, please find a Federal Subpoena, directed to Breathe Easy Pulmonary Services, for certain records identified in Exhibit A attached. Please confirm receipt of these subpoenas at the telephone number or email address listed below. Additionally, please complete Exhibit B or C whichever is applicable.

Please forward copies of pertinent records to Mr. Edward Page, whose address is listed at the bottom of the subpoena cover page.

If you have any questions, I may be reached at (727) 526-4487 or by email at dschmidt@chaseandassociates.com.

Thank you for your assistance in this matter.

Sincerely,

Donald J. Schmidt

Enclosure

www.ChaseAndAssociates.com